FILED
SUPERIOR COURT
OF GUAM

2023 JUL 13 PM 12: 03

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| IN THE MATTER OF THE ESTATE OF IGNACIO R. LEON GUERRERO, Deceased. | PROBATE CASE NO. PR0058-22 DECISION AND ORDER RE: PETITION FOR PROBATE FOR LETTERS OF ADMINISTRATION |
|---|---|

This matter came before the Honorable Dana A. Gutierrez on Petitioner May D.F. Hannah's ("Hannah") Petition for Probate for Letters of Administration (the "Petition") filed March 17, 2022. A Petition Hearing was held on March 16, 2023. Present at the hearing was Hannah's counsel Attorney Jon A. Visosky and Attorney Jacqueline Taitano Terlaje, on behalf of the heirs Lucille Leon Guerrero, Alfred F. Leon Guerrero, Mark D. Leon Guerrero, and Brian Leon Guerrero (collectively, the "Heirs"). Upon consideration of the arguments presented and the applicable law, the Court hereby **GRANTS** Hannah's Petition, pending a hearing on Hannah's competency to serve as administratrix.

## PROCEDURAL AND FACTUAL BACKGROUND

On March 17, 2022, Hannah filed the Petition seeking appointment as administrator of the estate as a creditor. Pet., at 1-3. In the Petition, Hannah stated that at the time of Ignacio R. Leon Guerrero's (the "Decedent") death, the Decedent was named "defendant and counterclaimant in a civil action pending in the Superior Court of Guam," which she identified as

Civil Case No. CV1651-10 ("CV1651-10"). *Id.* at 2. Hannah claimed that in CV1651-10, the Court held that the civil case "did not have jurisdiction to appoint an administrator in the decedent's stead and that only the probate court has such authority." *Id.* Hannah further alleged in the Petition that on February 14, 2022, she "presented a request to decedent's [*sic*] to seek the appointment of a personal representative of the estate" but that the "decedent's attorney has neither responded nor sought appointment . . . ." *Id.* at 2, Ex. 3.

On April 21, 2022, a hearing on the Petition was held, but prior to the hearing, Attorney Terlaje and Attorney Maher filed a Stipulation to Continue Hearing Date ("Stipulation to Continue") on April 15, 2022. In the Stipulation to Continue, the parties agreed to continue the hearing for two weeks, but requested to still call the Petition Hearing on April 21, 2022 to comply with the notice requirements of 15 GCA § 3401. At the April 21, 2022 hearing, the Court confirmed that the notice requirements of publication, posting, and mailing were met. Min. Entry, at 10:42:40-10:42:55 AM (April 21, 2022).

On May 11, 2022, a Continued Petition Hearing was held.[1] At the hearing, Attorney Terlaje informed the Court that the Heirs filed their Objection to Petition for Probate General Letters of Administration (the "Objection") that morning but had not served it on Attorney Maher. Min. Entry, at 9:13:49-9:14:19 AM (May 11, 2022). Attorney Terlaje informed Attorney Maher that the basis for the objection was that the Court does not have jurisdiction to appoint an administrator because "there is no property" and that Hannah's failure to identify any property in the Petition meant the Court does not have jurisdiction to appoint an administrator. Min. Entry, at 9:14:44-9:16:25 AM (May 11, 2022). In response, Attorney Maher stated that he planned to "file

---

[1]Present at the May 11, 2022 hearing were Hannah with counsel Attorney Maher and one of the Heirs, Alfred Leon Guerrero, with counsel Attorney Terlaje.

an amended petition" to list "all the property" and requested two (2) months to file it. Min. Entry, at 9:20:16-9:20:50 AM (May 11, 2022).

On June 7, 2022, Attorney Mitchell F. Thompson filed a Notice of Appointment of Rule 28 Counsel, informing the Court that Attorney Maher had passed away and that he was appointed counsel pursuant to Rule 28 of the Guam Rules for Lawyer Disciplinary Enforcement and Disability Proceedings. Not. of Appoint. of Rule 28 Counsel (June 7, 2022). On August 16, 2022, a Status Hearing was held in both the above-captioned matter and CV1651-10. At the hearing, Attorney Visosky informed the Court that he would be filing an entry of appearance on behalf of Hannah in both cases and requested time to review the above-captioned matter. Min. Entry, at 10:01:44-10:05:52 AM (Aug. 16, 2022). On August 17, 2022, Attorney Visosky filed an Entry of Appearance in this case.

On October 6, 2022, a Continued Petition Hearing was held. At the hearing, Attorney Visosky informed the Court that Hannah wanted to pursue the original Petition and requested time to file a reply to the Heirs' Objection. Min. Entry, 9:37:00-9:38:24 AM (Oct. 6, 2022). On October 14, 2022, Hannah filed a Response to the Objection ("Response"). On March 16, 2023, a Continued Petition Hearing was held. After the parties presented oral arguments at the hearing, the matter was taken under advisement.

## DISCUSSION

The issue before the Court is whether to grant Hannah's Petition to serve as the administratrix of the Decedent's Estate or deny the Petition based on the Heirs' objection that it fails to include the necessary information for the Court to have jurisdiction over the matter.

3

I. **Hannah Claims the Decedent Left an Estate in Guam and Seeks Appointment as Administratrix of the Estate**

In the Petition, Hannah claims that the Decedent "was a resident of Guam and left an estate in Guam," and she seeks appointment as administratrix of the Decedent's Estate. Pet., at 1 (March 17, 2022). In the Heirs' Objection, the Heirs claim that Hannah's Petition "fails to aver the necessary requirements for the Court to assume jurisdiction over these proceedings." Obj., at 2 (May 11, 2022). In particular, the Heirs claim that Hannah "has failed to comply with 15 GCA § 1811 to assert the existence of any assets belonging to the decedent within the jurisdiction of Guam." *Id.* The Heirs allege that "[a]bsent a jurisdictional statement consistent with § 1811 setting forth the necessary requirements imposed by Guam law, the Court lacks jurisdiction to appoint a General Administrator because there is no property in which a personal representative is necessary to take possession on behalf of the estate alleged in the Petition." *Id.*

In Hannah's Response, Hannah claims that "[t]he sole authority relied on by the Heirs [is] 15 GCA § 1811" and argues that "clearly, the intent of § 1811 is to require minimal notice pleading" and that "[a]ny ultimate error" can be corrected by the Court. Resp., at 4 (Oct. 14, 2022). Hannah argues that this standard "makes sense since a petitioner such as May Hannah, like most creditors, lack detailed knowledge of the estate assets prior to being appointed as administrator." *Id.* Further, Hannah states "that the Heirs do not claim in their Objection that the Decedent did not own any assets at the time of his passing." *Id.* Instead, Hannah alleges that CV1651-10 involves real property that was "improperly conveyed to the Decedent, thus constituting an ill-gotten asset of the Decedent." *Id.*

Hannah cites to the Second Amended Complaint in CV1651-10, quoting:

20. On or about May 22, 2008, Lucille induced Mrs. Flores while incompetent, to convey her interest in Lot No. 106, known as Pulo, also known as Merger, Inarajan, Guam and utilizing Mr. Flores' POA, to also convey his interest in Lot No. 106, known as Pulo, also known as Merger, Inarajan, Guam to Lucille and her husband, Ignacio R. Leon Guerrero, which was recorded in the Department of Land Management, under instrument No. 773788 011 May 22, 2008. A true and correct copy of the Deed of Gift is appended and marked as plaintiffs exhibit "5".

*Id.* at 4-5.

A. **The Guam Probate Code Permits the Court to Maintain Jurisdiction Over a Petition for Administration Even When There Are Defects or Errors in the Petition**

The Guam Probate Code provides that a petition for administration should contain certain elements. 15 GCA § 1811 states:

(a) A petition for letters of administration must be in writing, signed by the petitioner or the petitioner's counsel, and filed with the Clerk of the Superior Court of Guam, and must state:

(1) The jurisdictional facts;

(2) The names, ages and mailing addresses of the heirs of the decedent, so far as known to the petitioner; and

(3) The character and estimated value of the property of the estate.

(b) Where the necessary jurisdictional facts actually exist but, through defect of form or error, they or any of them are incorrectly stated in any petition or pleading, the Superior Court of Guam has and retains jurisdiction to correct the defect or error at any time. No such defect or error shall make an order granting letters of administration, or any subsequent proceeding void.

15 GCA § 1811 (emphasis added).[2]

---

[2] The source for 15 GCA § 1811 is California Probate Code, § 440 (as amended). Therefore, California case law is persuasive authority. *Cruz v. Cruz*, 2005 Guam 3 ¶ 9 (finding that California case law is "persuasive" authority for Guam statutes that are derived from California statutes).

While certain elements are required, the statute permits the Court to maintain jurisdiction for appointment of an administrator even if there are defects or errors in a petition for administration if the necessary jurisdictional facts exist.

**B.      When Determining Probate Jurisdiction, a Petitioner Only Needs to Make a Prima Facie Showing Regarding the Decedent's Assets**

Generally in probate, "[a]n estate must exist before an administrator can be appointed, for if there were no estate there would be no function for the administrator to perform." *In re Waits' Est.*, 146 P.2d 5, 7 (Cal. 1944).

However, the jurisdiction of a probate court "is not dependent upon the ultimate determination of existence of assets of estate," but instead the petitioner needs to make "only a prima facie showing regarding assets . . . ." *In re Helm's Estate*, 45 P.2d 250, 251 (Cal. App. 1st Dist. 1935) (finding that property being in the name of the decedent was sufficient showing that the probate court had jurisdiction to appoint an administrator); *see* 24 Cal. Jur. 3d Decedents' Estates § 49 (2023) (noting that this prima facie showing "may consist merely of the establishment of a fair probability of right that ultimately may or may not prove to be of value"); *see also Robinson v. Dana's Est.*, 174 A. 772, 774 (N.H. 1934) ("When the decedent's title to his only property is in dispute, the probate court does not try the issue as determinative whether an administrator shall be appointed, but appoints one so that the rights of the decedent's estate may not be lost through non-assertion."). *But see Estate of Daughaday*, 141 P. 929, 933 (Cal. 1914) (finding that a claim of property that is only "visionary and unsubstantial, does not merit the issuance of letters of administration").

Further, intangible assets of the decedent can be considered for determining probate jurisdiction, which includes equitable claims involving debts or legal causes of actions. *See Est.*

6

*of Denton*, 95 Cal. Rptr. 347, 350 (Cal. App. 4th Dist. 1971) (finding that "[e]ven a mere equitable claim is a sufficient 'estate' to vest the probate court with jurisdiction to grant letters of administration"); *In re Rees' Est.*, 212 P. 234, 235 (Cal. Ct. App. 1922) (finding that the estate's "equitable claim" to set aside the transfer of two deeds by the decedent was a sufficient showing of assets in the estate); *see also In re Leigh's Est.*, 313 P.2d 455, 458 (Utah 1957) (holding that "an administrator may be appointed to litigate the validity of claims for and against such estate, and if assets are necessary, such claim is sufficient to warrant the assumption of jurisdiction to appoint an administrator of such estate").

## C.    Petitioner Made Prima Facie Showing That Decedent Had Assets

In this case, Hannah alleges that the Decedent was an owner of property involved in the ongoing litigation of CV1651-10. While the Heirs do not dispute that the Decedent was an owner of the property, they claim that the property involved in the litigation, and all other property of the Decedent, were passed to the Decedent's wife as community property. Further, at the March 16, 2023 hearing, with regard to the Decedent's ownership of the property in CV1651-10, the Heirs' counsel stated "that is not an asset, that is a liability." Min. Entry, at 11:03:31-11:03:40 AM (March 16, 2023).

Upon review, the Court finds that both parties acknowledge that the Decedent owned property in Guam at the end of his life. Further, the Heirs do not object that the Decedent was a defendant and counterclaimant in the ongoing litigation of CV1651-10, and even remarked that his alleged ownership was a possible legal liability. *See In re Leigh's Est.*, 313 P.2d at 458 (holding a legal claim against an estate may be considered an asset for determining jurisdiction of a probate court).

Therefore, for the purposes of determining probate jurisdiction, the Court finds that the Petitioner has provided sufficient information that the Decedent was an owner of property in Guam at the time of his death and that there remain unresolved legal claims regarding this property in CV1651-10. Further, the Court finds that the ongoing litigation makes it both necessary and desirable that the Court appoint an administrator for the Estate. *See In re Helm's Est.*, 45 P.2d at 251 ("[T]he probate court will always grant such letters where administration is either necessary or advisable or desirable."). Based upon a review of these claims, the Court finds that Hannah has provided the necessary jurisdictional facts to consider appointment of an administrator.

## II. Appointment of Administrator Does Not Need to be Limited to a Special Administrator

The Heirs claim that "[t]o the extent that the Court makes an appointment of any administrator . . . that such appointment be limited to Special Administrator . . . ." Obj., at 3. In Hannah's Response, Hannah argues that no statute "requires that a special administrator be appointed instead of a regular administrator, for the purpose of participating in litigation." Resp., at 5.

15 GCA § 1901 provides the reasons when the Court must appoint a special administrator, stating:

> When there is delay in granting letters testamentary, letters of administration with the will annexed in the first instance, or letters of administration, or when any such letters are granted irregularly, or when no sufficient security is given for the faithful performance of the personal representative as required by the Superior Court of Guam under the provisions of Subchapter B of Chapter 20 of this Title, or when no petition is filed praying for the grant of any such letters, or when an executor, administrator with the will annexed, or administrator dies, or when letters testamentary, letters of administration with the will annexed or letters of administration are suspended or revoked, and the circumstances of the estate

require the immediate appointment of a personal representative, the Superior Court of Guam shall appoint a special administrator to take possession of the estate of the decedent and to exercise such other powers as may be necessary for the preservation of the estate.

15 GCA § 1901.

If a special administrator is appointed, the Court may give the special administrator the power to "maintain or defend" lawsuits against the estate. 15 GCA § 1907. A general administrator also has the power to protect an estate in ongoing litigation. 15 GCA § 2209(a) states that "no cause of action shall be lost by reason of the death of any person, but may be maintained by or against such person's personal representative." 15 GCA § 2209(a).

In this case, the Court finds that the appointment of a general administrator provides the same responsibility to maintain the ongoing litigation in CV1651-10, as would the appointment of a special administrator. The Court fails to find any reasons set forth in 15 GCA § 1901 that are applicable and would require the Court to appoint a special administrator instead of a general administrator at this stage of the proceedings.

## III. Hannah Failed to Provide Qualifications Regarding Competency to Serve in Her Petition and a Hearing on Such Competency Must Be Set

Under the Guam Probate Code, a person is not competent to serve as administrator who:

(1) is under the age of majority;

(2) is not a resident of the territory of Guam;

(3) is not physically present in the territory of Guam;

(4) has been convicted of a felony, unless the Superior Court of Guam is satisfied that such person is competent to execute the duties of the trust; or

(5) is adjudged by the Superior Court of Guam incompetent to execute the duties of the trust by reason of drunkenness, improvidence, or want of understanding or integrity.

15 GCA § 1701; *see* 15 GCA § 1801.

9

In this case, Hannah stated that she "is a creditor and has an interest in the estate" but otherwise fails to provide any information regarding her qualifications to serve as administrator. Pet. at 1. While being a creditor is relevant to the priority of appointment as an administrator, a petitioner must still meet certain statutory qualifications. *See* 15 GCA §§ 1701, 1805. Thus, without additional information regarding Hannah's qualifications to serve, the Court cannot appoint Hannah, and instead, finds further proceedings are necessary to determine Hannah's competency to serve as administratrix.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Hannah's Petition pending a hearing on Hannah's competency to serve as administratrix. A continued Petition hearing on Hannah's qualifications to serve as administratrix shall be held on **August 23, 2023 at 9:30 a.m.**

**SO ORDERED**: _____ JUL 1 3 2023 _____ .

**HONORABLE DANA A. GUTIERREZ**
**Judge, Superior Court of Guam**